UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                                           :

LOREN DAWSON,                    :

                                           :            **ORDER GRANTING MOTION**
                              Plaintiff,  :            **TO DISMISS**

              -against-                    :

                                           :           22 Civ. 6406 (AKH)
THE CITY OF NEW YORK, NEW YORK    :
CITY DEPARTMENT OF CORRECTION,     :
CORRECTION OFFICERS "JOHN DOE(s)",   :
individually and in their Official Capacity,    :

                                           :

                                Defendants.  :
------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Loren Dawson ("Plaintiff") brings this action under 42 U.S.C. § 1983

against The City of New York, New York City Department of Correction, and Correction

Officers "John Doe(s)", individually and in their official capacity, alleging deliberate

indifference to Mr. Dawson's medical needs and violation of his substantive due process rights.

*See* Compl., ECF No. 1.  Defendant The City of New York, The City Of New York s/h/a New

York City Department of Correction (hereinafter "the City") moves to dismiss the Complaint for

failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For the

reasons discussed below, the City's motion is granted.

        The Complaint alleges that on or about June 5, 2020, while in custody at the Otis

Bantum Correctional Center at Rikers Island, Dawson awoke with a swollen left gland, left ear

pain, swelling and itching, a sore throat, and impaired hearing.  Compl. ¶ 9.  He had been

released from solitary confinement (the "box") the day prior.  *Id.*  Dawson reported his

symptoms to "sick call" on June 5, 2020, and was prescribed the antibiotic Neomycin, which did

not provide relief.  *Id.* ¶ 10.  Dawson claims that despite multiple pleas for medical attention, he

did not see an ENT specialist at Rikers Island, but instead saw a neurologist in July 2020, who referred him to an ENT specialist at Bellevue Hospital Center on an expedited basis. *Id.* ¶ 11. He was taken to see the ENT specialist on July 28, 2020, seven weeks after his initial complaint, where he was prescribed Ciprodex, a combination antibiotic and corticosteroid. *Id.* ¶¶ 12-13. Dawson was scheduled for a follow-up visit at Bellevue on August 11, 2020, but did not have that visit until August 18, 2020. *Id.* ¶¶ 13-14. He claims that because of the multiple delays in treatment as well as the seven weeks that passed before his first visit with the ENT specialist, he experienced recurring ear infections, difficulty sleeping, bleeding from his ear, pain, swelling, itching, permanent hearing loss, redness, rash, tinnitus, and other injuries. *Id.* ¶ 14. Dawson continued to receive treatment at Bellevue through September 18, 2020, and was released from Rikers Island on February 8, 2021. ¶¶ 15-16. Dawson filed this suit, alleging that Defendants, by refusing to provide adequate and timely medical treatment, exhibited deliberate indifference to his medical needs and deprived him of substantive due process rights.

Pursuant to Rule 12(b)(6), the Court can dismiss a claim if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss a complaint under Rule 12, the Court must "accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in the plaintiff's favor." *See Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114, 118 (2d Cir. 2017).

Rule 8 of the Federal Rules of Civil Procedure "requires that a complaint give each individual defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Canosa v. Ziff*, 2019 WL 498865, at *10 (S.D.N.Y. Jan. 28, 2019) (citing *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001)). "Where a complaint lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct, it

fails to satisfy this minimum standard." *Id.* (citation omitted).  In such a case, "the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995).  Additionally, it is well-established that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Here, the Complaint fails to identify any correction officers or medical providers by name, description, or otherwise.  The Complaint simply names an unspecified number of "John Doe" correction officers.  Moreover, it is impossible for me to ascertain from the Complaint whether there was personal involvement on the part of any individual defendant in any alleged deprivation of Dawson's constitutional rights. *See Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) ("Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under § 1983."); *Roundtree v. City of New York*, 2018 WL 1586473, at *6 (S.D.N.Y. Mar. 28, 2018) (dismissing claims against correction officers, holding that "a plaintiff must prove that [nonmedical] prison personnel intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problems known to the attendant prison personnel or that the inmate suffered a complete denial of medical treatment") (internal citations omitted).

To the extent that Dawson has asserted claims against the New York City Department of Correction, that agency is a non-suable entity. *See* N.Y. City Charter Ch. 17 § 396 ("[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of The City of New York and not in that of agency, except where otherwise provided by law"); *see also Santos v. N.Y.C. Dep't of Corr.*, 2010 WL 1142066, at *11

(S.D.N.Y. Feb. 25, 2010).  Accordingly, Dawson's claims against the New York City

Department of Correction are dismissed with prejudice.

      For the reasons identified above, the City's motion to dismiss for failure to state a

claim is granted. The Clerk of Court shall terminate the open motion at ECF No. 14.  I grant

Plaintiff leave to replead against the City of New York and individual correction officers by

October 19, 2023.  Failing such motion, the Clerk shall grant judgment to Defendants and close

the case.

      SO ORDERED.

Dated:    September 27, 2023
          New York, New York

                ALVIN K. HELLERSTEIN
                United States District Judge